FILED

JUL 27 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

FILED

Aug 15, 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DONALD STEVEN PARKS,<br><br>              Debtor.<br><br>───────────────────────<br><br>DONALD STEVEN PARKS,<br><br>              Appellant,<br>v.<br><br>KIMBERLY J HUSTED, Trustee,<br><br>              Appellee. | BAP No.   EC-18-1088<br><br>Bk. No.   2:16-bk-23173<br><br>District No. 2:18-mc-0119 WBS AC (PS)(BK)<br><br><br><br>**ORDER TRANSFERRING IFP MOTION TO DISTRICT COURT** |

Before:   KURTZ and FARIS, Bankruptcy Judges.

    Appellant filed a motion for leave to proceed in forma pauperis with respect to this appeal ("IFP Motion"). An order was issued by the BAP, giving the bankruptcy court the opportunity to make a certification under 28 U.S.C. § 1915(a)(3) regarding whether the appeal is frivolous. The bankruptcy court did not make a certification regarding whether the appeal is frivolous.

    Under the holding of *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992) and *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 496 (9th Cir. BAP 1995), the Bankruptcy Appellate Panel has no authority to grant or deny in forma pauperis motions under 28 U.S.C. § 1915(a) because bankruptcy

courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451.

Therefore, appellant's IFP Motion is hereby TRANSFERRED to the United States District Court for the Eastern District of California for the limited purpose of ruling on the IFP Motion.

It is appellant's responsibility to take all necessary steps to have the IFP Motion considered by the district court within a reasonable period of time.

No later than **Monday, August 27, 2018**, appellant must file with the Panel and serve on opposing counsel a written response which includes as an exhibit a copy of the district court's order on the IFP Motion or an explanation of the steps appellant has taken to have the IFP Motion considered by the district court. For the convenience of the district court, copies of the notice of appeal, the order on appeal, and the IFP Motion are attached to this order.

Failure to comply with the requirements of this order may result in dismissal of this appeal for lack of prosecution without further notice to the parties. 9th Cir. BAP R. 8018(a)-2.

# UNITES STATES BANKRUPTCY COURT



FILED
MAR 28 2018
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

$0.00

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

In re: DONALD STEVEN PARKS        Case No. 16-23173-B-7

     Debtor

Address:    9180 Muir Way        Chapter    7
               Granite Bay, Ca 95746

Social-Security No.:     ***-**-1551

**Form 417A**

**NOTICE OF APPEAL AND STATEMENT OF ELECTION**

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): **DONALD STEVEN PARKS**

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe): _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe): _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: **ORDER OF DISCHARGE**

2. State the date on which the judgment, order, or decree was entered: **3-14-2018**

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: **TRUSTEE** Attorney: **J. LUKE HENDRIX**
   **KIMBERLY J. HUSTED** **1830 15TH STREET**
   **SACRAMENTO, CA 95811**
   **(916) 443-2051**

2. Party: _____ Attorney: _____

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____  Date: 3-28-17
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):
9180 MUIR WAY
GRANITE BAY, CA 95746
(502) 500-7141

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Donald Steven Parks** | Social Security number or ITIN  xxx−xx−1551 |
| | First Name  Middle Name  Last Name | EIN  _ _ − _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _ − _ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of California** | | |
| Case number:  **16−23173** | | |

## Order of Discharge                                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Donald Steven Parks
aka D Steven Parks , fdba Parks Courier, Inc. ,
fdba D. Steven Parks, Attorney
9180 Muir Way
Granite Bay, CA 95746


Dated:                                         For the Court,
3/14/18                                        Wayne Blackwelder , Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                **Order of Discharge**                page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

<span style="color:red">**PACER fee: Exempt**</span>

**General Docket**
**U. S. Bankruptcy Appellate Panel for the Ninth Circuit**

| | |
|---|---|
| **Bankruptcy Appellate Panel Docket #:** 18-1088<br>Donald Parks v. Kimberly Husted<br>**Appeal From:** California Eastern - Sacramento<br>**Fee Status:** fee due | **Docketed:** 03/30/2018 |

**Case Type Information:**
  **1)** Bankruptcy
  **2)** Chapter 7 Non-Business
  **3)** null

**Originating Court Information:**
  **District:** 0972-2 : 2:16-bk-23173
  **Trial Judge:** Christopher D. Jaime, U.S. Bankruptcy Judge
  **Date Filed:** 05/16/2016

| **Date Order/Judgment:**<br>03/14/2018 | **Date NOA Filed:**<br>03/28/2018 | **Date Rec'd BAP:**<br>03/30/2018 |
|---|---|---|

**Prior Cases:**
  None

**Current Cases:**
  None

**Panel Assignment:**    Not available

---

In re: DONALD STEVEN PARKS
            Debtor

------------------------------

| | |
|---|---|
| DONALD STEVEN PARKS<br>           Appellant | Donald Steven Parks<br>Direct: 502-500-7141<br>[NTC Pro Se]<br>9180 Muir Way<br>Granite Bay, CA 95746 |

v.

| | |
|---|---|
| KIMBERLY J HUSTED, Trustee<br>           Appellee | J. Russell Cunningham, Attorney<br>Direct: 916-443-2051<br>[NTC Retained]<br>DESMOND, NOLAN, LIVAICH & CUNNINGHAM<br>1830 15th Street<br>Sacramento, CA 95811<br><br>Jeremy Luke Hendrix<br>Direct: 916-443-2051<br>[NTC Retained]<br>DESMOND, NOLAN, LIVAICH & CUNNINGHAM<br>1830 15th Street<br>Sacramento, CA 95811 |

In re: DONALD STEVEN PARKS

    Debtor

------------------------------

DONALD STEVEN PARKS

    Appellant

v.

KIMBERLY J HUSTED, Trustee

    Appellee

| Date | # | Pages/Size | Description |
|---|---|---|---|
| 03/30/2018 | 1 | 16 pg, 282.5 KB | Received NOTICE OF APPEAL filed in Bankruptcy Court on 03/28/2018, TRANSMITTAL FORM and ORDER OF DISCHARGE. (CLS) [Entered: 03/30/2018 03:09 PM] |
| 03/30/2018 | 2 | 24 pg, 280.8 KB | NOTICE to all parties and Bankruptcy Court RE: BAP Case number assigned: 18-1088. Sent Bankruptcy Record Request Form to Bankruptcy Court. (CLS) [Entered: 03/30/2018 03:16 PM] |
| 04/02/2018 | 3 | 3 pg, 59.17 KB | Sent BRIEFING ORDER to appellant Donald Steven Parks. Copies to all parties. Appellant Donald Steven Parks opening brief due 05/17/2018. (CLS) [Entered: 04/02/2018 09:20 AM] |
| 04/09/2018 | 4 | 2 pg, 58.75 KB | Notice of Deficiency sent to Appellant RE: Filing/Docketing fee not paid ( lack of prosecution). Re: Response Due: 04/23/2018. cc: All parties. (VJ) [Entered: 04/09/2018 12:39 PM] |
| 04/19/2018 | 5 | 4 pg, 72.3 KB | Received and filed original of Appellant Donald Steven Parks's Response to Notice of Deficient (NOD) Appeal; served on 04/17/2018. **(Motion to proceed in Forma Pauperis)** --[Edited 05/10/2018 by VJ] (VJ) [Entered: 04/19/2018 02:47 PM] |
| 05/18/2018 | 6 | 4 pg, 78.24 KB | Filed original and copies of Appellant Donald Steven Parks's motion extending time to file appellant's opening brief and appendix; served on 05/17/2018. (VJ) [Entered: 05/18/2018 02:54 PM] |
| 05/18/2018 | 7 | 8 pg, 179 KB | Filed original and copies of Appellant Donald Steven Parks's motion for copies of discovery in the adversary; served on 05/17/2018. (VJ) [Entered: 05/18/2018 02:56 PM] |
| 05/24/2018 | 8 | 2 pg, 284.5 KB | Filed (ECF) Attorney Jeremy Luke Hendrix for Appellee Kimberly J Husted notice of appearance of J. Russell Cunningham for Kimberly J. Husted; served on 05/24/2018 US mail - Appellant Parks. [18-1088] (JRC) [Entered: 05/24/2018 01:07 PM] |
| 05/24/2018 | 9 | | Party: Add Attorney(s) J. Russell Cunningham for party(s) Appellee Kimberly J Husted, in case 18-1088. (CLS) [Entered: 05/24/2018 01:18 PM] |
| 05/24/2018 | 10 | 4 pg, 972.21 KB | Filed (ECF) Attorney J. Russell Cunningham for Appellee Kimberly J Husted's **Response to Appellant's motion for copies of discovery in the adversary case against Appellant's ex-wife, Edina Torlak** ~~certification of service~~ (); served on 05/24/2018 US mail - Appellant Parks. [18-1088].--[Edited 05/24/2018 by CLS] (JRC) [Entered: 05/24/2018 01:28 PM] |
| 06/18/2018 | 11 | 2 pg, 41.82 KB | Notice to Bankruptcy Judge Jaime (LAFFERTY); On Monday, July 2, 2018, the Panel will forward the request for leave to proceed in forma pauperis to the U.S. District Court for its consideration. This notice is being issued to allow the trial court the opportunity to "certif[y] in writing that [the appeal] is not taken in good faith" under 28 U.S.C. § 1915(a)(3). ;. ( see attached order) (VJ) [Entered: 06/18/2018 02:35 PM] |
| 06/18/2018 | 12 | 6 pg, 69.96 KB | Filed order (LAFFERTY); All relief requested in appellants' motion is hereby ORDERED DENIED. Briefing in this appeal is hereby ORDERED SUSPENDED. Appellant must file an opening brief no later than FOURTEEN (14) days after entry of an order resolving the IFP Motion. ;. ( see attached order) (VJ) [Entered: 06/18/2018 02:44 PM] |
| 07/27/2018 | 13 | 7 pg, 404.99 KB | Filed order (KURTZ and FARIS); Appellant's IFP Motion is hereby TRANSFERRED to the United States District Court for the Eastern District of California for the limited purpose of ruling on the IFP Motion. No later than Monday, August 27, 2018, appellant must file with the Panel a written response or an explanation of the steps appellant has taken to have the IFP Motion considered by the district court.;. ( see attached order) (VJ) [Entered: 07/27/2018 01:36 PM] |